### THE MAGGIE ELLEN.

(Circuit Court of Appeals, Second Circuit. January 15, 1903.)

#### No. 46.

1. COLLISION—SCHOONER ANCHORED IN CHANNEL—FAILURE TO MAINTAIN ANCHOR LIGHT.

　　Evidence considered, and *held* to sustain a decree holding a schooner anchored in a narrow channel, in Narragansett Bay, in the night, solely in fault for a collision with a steamer, on the ground that she did not maintain a proper anchor light.

Appeal from the District Court of the United States for the Eastern District of New York.

For opinion below, see 115 Fed. 442.

This cause comes here upon appeal from a decree holding the Maggie Ellen, a schooner anchored in a narrow fairway, solely in fault for a collision at night with the passenger steamboat Shinnecock, in Narragansett Bay.

Chas. C. Burlingham, for appellant.

Wm. J. Kelley, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. There is a flat contradiction between the witnesses called by the respective vessels on the question of an anchor light. Those called by the schooner insist that a clear bright light at the

regulation height above the deck was displayed all the time she was at anchor; those called by the steamer insist that no such light was displayed or produced until after the accident happened. These were not mere chance observers; they were all watching out for lights, and in a favorable position for seeing them. Although the weather was thick, as some witnesses state, there is nothing in the proofs to indicate that a light such as described would not be visible near at hand. A careful lookout would surely have resulted in the discovery of a proper anchor light, if it had been there. The District Judge before whom they were examined found that those on the Shinnecock showed great solicitude for the welfare of those aboard, and that careful lookout was maintained. We concur with him in this conclusion, and are of the opinion that their solicitude and carefulness failed to detect the schooner in time to avoid collision because a sufficient anchor light was not maintained.

The Maggie Ellen, and four schooners anchored to the west of her, were ranged across a channel three-fourths of a mile wide, so close to each other that when they swung on the turn of the tide they barely cleared each other. As to each schooner considered separately it cannot be said that she was in fault for anchoring in the channel under stress of weather, in view of the testimony that it was a common anchorage. Considered together, however, they constituted a dangerous obstruction to other vessels using the channel, and the last comer who completed the obstruction should show some good excuse for placing herself at that particular part of the channel instead of elsewhere. There is evidence that the Maggie Ellen, which was the last comer, could not beat into harbor to the east of Dutch Island, and could not tack across to the west side of the channel, because of the four other schooners already there. There is no evidence as to whether, when she saw them ranged there across the channel, she could not have gone back herself to find some anchorage further down the bay. It will not be necessary, however, to pass on this question, as for the reasons above indicated we have decided to affirm.

Decree of District Court affirmed, with interest and costs.